UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE A. LAYNE, JR.,

               Petitioner,

  v.

ICE FIELD OFFICE DIRECTOR,

               Respondent.

Case No. C15-838-RSL-BAT

**REPORT AND RECOMMENDATON**

George A. Layne, Jr., proceeding *pro se*, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of his detention at the Northwest Detention Center in Tacoma, Washington. Dkt. 1. Respondent moved to dismiss, arguing that Mr. Layne was properly detained under Section 241(a)(2) of the Immigration and Naturalization Act because he was an alien subject to an administratively final order of removal. Dkt. 7. Then on August 4, 2015, respondent filed a notice informing the Court that Mr. Layne was removed to Panama on July 29, 2015. Dkt. 10; *see also* Dkt. 10-1. Respondent thus maintains that this matter is moot and should be dismissed. Dkt. 10. The Court agrees.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . .

REPORT AND RECOMMENDATON- 1

there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Mr. Layne's habeas petition challenges only the length of his detention at the Northwest Detention Center, his claims were fully resolved by release from custody. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Mr. Layne's habeas petition must be dismissed as moot. *See id.*

The Court thus recommends that respondent's motion to dismiss as moot, Dkt. 10, be **GRANTED**; respondent's motion to dismiss on the merits, Dkt. 7, be **DENIED** as moot; petitioner's habeas petition, Dkt. 1, be **DENIED** as moot; and this action be **DISMISSED** without prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **August 21, 2015.** The Clerk should note the matter for **August 21, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of August, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 2